UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/5/2018

J & J SPORTS PRODUCTIONS, INC.,

Plaintiff,

v.

SUGAR CAFÉ INC. and MARIOLIN MARTINEZ,

Defendants.

No. 17-CV-5350 (RA)

MEMORANDUM OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff J & J Sports Productions, Inc., sued Defendants Sugar Café Inc. and Mariolin Martinez for violations of 47 U.S.C. §§ 553 and 605. Plaintiff alleged that Sugar Café hosted and profited from an unlicensed viewing of a closed-circuit telecast of the "Welterweight Championship Fight Program" on November 22, 2014. Comp. ¶ 7. Plaintiff also alleged that Ms. Martinez "is an officer, director, shareholder and/or principal[] of Sugar Cafe Inc.," who had the "right and ability to supervise" the café "on the night the 'Event' was shown" and "had an obvious and direct financial interest in" unlawfully showing the fight. *Id.* ¶¶ 5, 16, 17. For the reasons stated on the record at the Show Cause Hearing on December 1, 2017, the Court grants default judgment against Defendants. Plaintiff argues that this default entitles it to a judgment in the amount of $20,081.50, which includes $15,626.70 in damages and $3,984.80 in interest. For the reasons stated below, Plaintiff's request is granted in part and denied in part.

"There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers*

*Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). A court is required to "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). In this case, Plaintiff claims statutory damages under 47 U.S.C. § 605, which allows the Court, "at the election of the aggrieved party," to award actual damages, *see id.* § 605(e)(3)(C)(i)(I), or statutory damages up to $10,000 for each violation of § 605(a) and up to $100,000 for each violation that was made "willfully and for purposes of direct or indirect commercial advantage or private financial gain," *id.* § 605(e)(3)(C)(i)(II), (e)(3)(C)(ii). The statute further provides that the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees[,] to an aggrieved party who prevails." *Id.* § 605(e)(3)(B)(iii). "The amount of damages to be assessed pursuant to section 605 rests within the sound discretion of the Court." *J & J Sports Prods., Inc. v. 1400 Forest Ave Rest. Corp.*, No. 13-CV-04299 (FB) (VMS), 2014 WL 4467774, at *7 (E.D.N.Y. Sept. 9, 2014) (citation omitted); *see also Kingvision Pay-Per-View, Ltd. v. Recio*, No. 02-CV-6583 (JSM) RLE, 2003 WL 21383826, at *4 (S.D.N.Y. June 11, 2003).

Here, Plaintiff "is requesting statutory damages" rather than actual damages because it asserts that its actual damages "are difficult to prove." Pl. Mem. at 6, 8 (Dkt. 19). It has nonetheless also attached a statement of actual damages, which Plaintiff claims add to $5,208.90. *Id.* at 16. Generally speaking, courts award statutory damages based on the greater of two numbers: the flat fee that Plaintiff would have charged Defendants to air the programming at their establishment or the sum of what each individual who viewed the event at Defendants' establishment would have paid to view it at home. *1400 Forest Ave Rest. Corp.*, 2014 WL 4467774, at *7–8; *see also J & J Sports Prods., Inc. v. Garcia*, No. 06-CV-4297 (GBD) (HBP), 2011 WL 1097538, at *4 (S.D.N.Y. Mar. 1, 2011), *report and recommendation adopted* 2011 WL

1046054, at *1 (S.D.N.Y. Mar. 22, 2011). Here, Plaintiff avers that it would have charged Defendants $2,000 to sublicense the event. *See* Pl. Aff. at ¶ 8 (Dkt. 19-1). Plaintiff also submitted an affidavit from an investigator that it sent to Defendants' establishment that states that 22 people were there and each was charged a $35 cover for attending the event. *See id.* ¶ 17; Ex. A at 1, 2 (Dkt. 19-2). According to Plaintiff, the event would have cost $54.95 to view from home. Pl. Mem. at 8. Thus, the per-customer damages would be $1,208.90. Since the flat-fee amount would have been higher, the Court sets $2,000 as the base statutory award.

That does not end the analysis, however, because Plaintiff also asserts that the Court should exercise its discretion to enhance these damages based on Defendants' allegedly willful conduct. *See generally J & J Sports Prods., Inc. v. Onyx Dreams Inc.*, No. 12-CV-5355 (SLT) (LB), 2013 WL 6192546, at *6 (E.D.N.Y. Nov. 26, 2013). A defendant acts willfully under 47 U.S.C. § 605 if the defendant "took an affirmative action to illegally intercept" the broadcast. *Recio*, 2003 WL 21383826, at *5. "To determine whether willful conduct warrants an award of enhanced damages, courts consider a variety of factors," which include "substantial unlawful monetary gains" by a defendant, the "collection of a cover charge or premiums for food and drinks," and "a plaintiff's claim of damage to its goodwill and reputation." *1400 Forest Ave Rest. Corp.*, 2014 WL 4467774, at *9. An award of enhanced damages ensures that a willful defendant's "profits are disgorged" and aims to deter "similar acts of cable piracy in the future." *Garcia*, 2011 WL 1097538, at *5; *see also Kingvision Pay-Per-View, Ltd. v. El Rey Del Bistec Y Caridad, Inc.*, No. 01-CV-6562 (SHS), 2001 WL 1586667, at *3 (S.D.N.Y. Dec. 12, 2001)

An enhanced damages award is appropriate as to Defendant Sugar Café Inc. because Plaintiff has shown that its violation was willful and "for purposes of direct or indirect commercial advantage," 47 U.S.C. § 605(e)(3)(C)(ii). *See generally Onyx Dreams Inc.*, 2013 WL 6192546,

3

at *6. The Complaint and the affidavits filed in support of Plaintiff's motion for default judgment adequately establish that Sugar Café hosted, and profited from, an unlicensed showing of the fight. Plaintiff has also shown that the café "could not have involuntarily intercepted and exhibited the event" because the transmission "had to be decoded with electronic decoding equipment in order for the signal to be received and displayed." *See Onyx Dreams Inc.*, 2013 WL 6192546, at *6. Moreover, an affidavit from Plaintiff's investigator states that Sugar Café charged a substantial cover fee for those watching the match and profited from the purchases of those customers while they watched. Ex. A at 1, 2 (Dkt. 19-2). The Communications Act thus allows the Court, "in its discretion," to "increase the award of damages, whether actual or statutory, by an amount of not more than $100,000" against Defendant Sugar Café Inc. 47 U.S.C. § 605(e)(3)(C)(ii).

Here, the Court finds that an enhancement of $8,000 against Defendant Sugar Café Inc. is appropriate. This amount takes into account the café's profits from that night, including the cover charge and the café's use of the fight "to draw potential customers who would then spend money inside" the establishment. *Kingvision Pay-Per-View, Ltd. v. Jasper Grocery*, 152 F. Supp. 2d 438, 442 (S.D.N.Y. 2001) (applying an enhancement of $10,000 based on the defendant's willful conduct). This amount is "sufficient to compensate the plaintiff and also deter the defendant[] and others from further violations." *See Kingvision Pay-Per-View Ltd. v. Zalazar*, 653 F. Supp. 2d 335, 343 (S.D.N.Y. 2009); *see also Recio*, 2003 WL 21383826, at *4; *El Rey Del Bistec Y Caridad, Inc.*, 2001 WL 1586667, at *2. The $8,000 enhanced award is also "consistent with other awards in this Circuit for comparable infractions." *J & J Sports Prods., Inc. v. Kosoria*, No. 06-CV-2102 (KMK), 2007 WL 1599168, at *5 (S.D.N.Y. June 1, 2007) (awarding $7,500 in enhanced damages) (gathering cases); *see also Kingvision Pey-Per-View Ltd. v. Cardona*, No. 03-CV-3839 (GBD) (FM), 2004 WL 1490224, at *4 (S.D.N.Y. June 30, 2004) (finding that $10,000 in enhanced

damages, which was five times the base damages award, was appropriate because that was the amount necessary to "send the message that cable piracy is impermissible").

To reach a final statutory damages award, courts add the enhanced damages amount to the base statutory award, which is $2,000 here. *See Zalazar*, 653 F. Supp. 2d at 343; *see also El Rey Del Bistec Y Caridad, Inc.*, 2001 WL 1586667, at *3. Thus, Plaintiff is entitled to a total of $10,000 in statutory damages against Defendant Sugar Café Inc.

Only $2,000 of that amount, however, will be recoverable against Ms. Martinez because there is not a sufficient "evidentiary basis" to award Plaintiff a damages enhancement against her. *See Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234. Although she was allegedly "an officer, director, shareholder and/or principal[] of Sugar Cafe Inc." with the "right and ability to supervise" the café "on the night the 'Event' was shown," there is no evidence to support the conclusion that she in particular acted willfully here. Compl. ¶¶ 5, 16, 17. Plaintiff has not established, for example, that Ms. Martinez was personally involved in approving the decoding of the signal or otherwise knew that the fight was being unlawfully intercepted. The investigator's affidavit identifies only an "Unknown Hispanic Female" as a waitress working at the café that night. Ex. A at 1, 2 (Dkt. 19-2). Thus, Plaintiff is entitled to recover from Ms. Martinez only $2,000 in statutory damages.

Plaintiff is also entitled to costs under 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff does not request attorneys' fees, instead limiting its request to $470 in costs for filing the case and service of process. *See* Dkt. 17 at 4. These costs are granted. Plaintiff further requests that the Court award interest for the period of November 22, 2014 through October 2017 at a rate of nine percent. *Id.* Because the Court is awarding Plaintiff statutory damages, the request for prejudgment interest is denied. *See Onyx Dreams Inc.*, 2013 WL 6192546, at *7 ("The majority of courts to have

considered the issue have denied an award of prejudgment interest on the grounds that statutory damages under the Communications Act are analogous to punitive damages in that they are designed to deter others from similar infringing activity.").

Plaintiff also appears to seek statutory damages under 47 U.S.C. § 553, but Plaintiff may not recover under both that statute and 47 U.S.C. § 605. *See Zalazar*, 653 F. Supp. 2d at 339; *J & J Sports Prods., Inc. v. El Sonador Café Rest. Inc.*, No. 15-CV-6934 (NG) (VMS), 2017 WL 598534, at *4 (E.D.N.Y. Jan. 3, 2017), *report and recommendation adopted* 2017 WL 591169 (E.D.N.Y. Feb. 14, 2017). Section 605 offers a more generous potential award and is the appropriate statute under which to award damages here. *See Zalazar*, 653 F. Supp. 2d at 339.

For the foregoing reasons, Plaintiff is awarded $10,470.00. Defendants are jointly and severally liable for $2,470 of that amount, and Defendant Sugar Café is individually liable for the remainder. *See Kosoria*, 2007 WL 1599168, at *5. The Clerk of Court is respectfully directed to enter judgment in accordance herewith and to close the case. All motions are terminated.

SO ORDERED.

Dated: January 5, 2018
New York, New York

Ronnie Abrams
United States District Judge